IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-21-FL-1
2:13-CV-40-FL

| | | |
|---|---|---|
| TERRICIOUS BURNELL BROOKS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255") (DE 109), and the government's motion to dismiss, or alternatively for summary judgment. (DE 119). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R") (DE 139), wherein it is recommended that the court grant petitioner's motion with respect to Ground 1 for ineffective assistance of counsel, that petitioner's sentence be vacated, and that he be permitted to withdraw his guilty plea; and that the government's motion to dismiss or for summary judgment be granted with respect to all other claims. Both the government and petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. (DE 140, 141). For the reasons stated herein, the court rejects the M&R with respect to Ground 1 of petitioner's motion, adopts the M&R in part with respect to petitioner's other grounds, and grants the government's motion to dismiss on all bases.

## BACKGROUND

On February 14, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine within 1,000 feet of a playground in violation of 21 U.S.C. §§ 846 and 860. (DE 51). On July 11, 2011, petitioner was sentenced to 252 months of imprisonment and 10 years of supervised release (DE 78), which reflected a 30-percent reduction for having provided substantial assistance to the government. (DE 72). Petitioner appealed his sentence, and the appeal was dismissed on March 29, 2011, in part on the grounds that petitioner had waived his right to appeal in the plea agreement. United States v. Brooks, 470 Fed. App'x 196, 197 (4th Cir. 2012). Petitioner's conviction was affirmed pursuant to Anders v. California, 386 U.S. 738 (1967).

On July 1, 2013, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (DE 109). Petitioner supported his motion on four grounds: 1) ineffective assistance of trial counsel with respect to counsel's treatment of the statutory definition of "playground" under 21 U.S.C. § 860(e)(1); 2) failure to apply the Fair Sentencing Act of 2010 (the "FSA") in violation of the Ex Post Facto Clause of the U.S. Constitution pursuant to U.S. Const. art. I, § 9, cl. 3; 3) ineffective assistance of trial counsel with respect to failing to make a number of objections at petitioner's sentencing hearing; and 4) ineffective assistance of counsel with respect to appeal. On October 11, 2013, the government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, for summary judgment under Rule 56. (DE 119).

The magistrate judge conducted an evidentiary hearing on the claim asserted in Ground 1 of petitioner's motion, and petitioner was appointed counsel to represent him in connection with that claim ("§ 2255 counsel"). (DE 123, 124). At the hearing, petitioner testified on his own behalf, and

2

the government presented the testimony of Marcia Stewart, petitioner's trial counsel ("trial counsel"). (DE 130). The court admitted six exhibits offered by petitioner, which were photographs of the alleged playground. (DE 129-1 to -6). At the government's request, the court also admitted the transcript of petitioner's arraignment hearing and the first sentencing transcript. (DE 89, 92). Petitioner and the government filed their supplemental memoranda on May 5, 2014, and May 15, 2014. (DE 133, 134).

Upon review by the magistrate judge, the M&R recommended to the court that petitioner's motion be granted with respect to Ground 1 for ineffective assistance of trial counsel in addressing the definition of "playground," that the government's motion to dismiss be granted with respect to all other grounds, and that petitioner's sentence be vacated on the basis of Ground 1. (DE 139).

The government objected to the M&R's conclusion that Ground 1 established a claim for ineffective assistance of trial counsel with regard to her treatment of the definition of "playground." (DE 140). Petitioner objected to the M&R's analyses of Grounds 2, 3, and 4, arguing that failure to apply the FSA prejudiced him, trial counsel provided ineffective assistance in failing to raise that issue on appeal, and trial counsel provided ineffective assistance by failing to make certain objections at sentencing. (DE 141). Taken together, the parties' objections dispute the M&R's treatment of all four grounds of petitioner's § 2255 motion.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

3

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

    1.  Ineffective Assistance of Counsel Standard

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72

4

F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 668, 694 (1984)).

"Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [opposing party] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. "The law [ ] requires not perfect but only professionally reasonable performance of counsel." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir. 1992). "[W]hen counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial." Strickland, 466 U.S. at 681.

In addition, a plea colloquy "affords the [government] substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotations omitted). "In the absence of clear and convincing evidence to the contrary, [petitioner] must be bound by what he said at the time of his plea." Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984).

"[I]n order to satisfy the 'prejudice' requirement [in the guilty plea context], the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision

5

to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill, 474 U.S. at 59. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id. "Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in [a particular] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, the court may first inquire whether in light of the circumstances known to counsel at the time, counsel provided reasonable representation to petitioner. See id. at 690 (stating that the court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct"). The Supreme Court has outlined the type of information and communications that will be pertinent to a determination of the reasonableness of counsel's actions, which provides a reference point for the issues raised at evidentiary hearing in this case:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to

6

> counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

Id. at 691.

2. Ineffective Assistance of Counsel with Regard to Plea

Petitioner's principal contention of ineffective assistance of counsel with respect to the § 860 conspiracy charge is that trial counsel failed to inform him of the definition of "playground" under § 860(e)(1), and that trial counsel failed to sufficiently investigate whether that definition was satisfied in advance of plea. The government objects that petitioner failed to satisfy either prong of the Strickland analysis for ineffective assistance of counsel. The court holds that petitioner failed to show "his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms," Bell, 72 F.3d at 427, for three reasons: 1) precedent addressing § 860(e)(1) is scarce, and it is unclear when applied to the facts of this case; 2) trial counsel acted according to petitioner's instructions in seeking a plea agreement under § 860; and 3) petitioner stated under oath that he understood all of the terms used in his plea agreement.

a. Precedent Addressing the Definition of "Playground"

"When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a [ ] client that pending criminal charges may carry a risk of adverse [ ] consequences." Padilla, 559 U.S. at 369. Even legal advice "that later is proven to be incorrect, therefore, does not necessarily fall below the objective standard of reasonableness." Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). "[A]n attorney cannot be held liable for following

7

the plain terms of a statute when there are not compelling circumstances to suggest that the attorney should have acted other than in conformity with the statute." Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 790 (D.S.C. 1992) aff'd sub nom. Cianbro Corp. v. Jeffcoat & Martin, 10 F.3d 806 (4th Cir. 1993).

Distributing a controlled substance "within one thousand feet of [ ] the real property comprising . . . a playground" is punished pursuant to 21 U.S.C. § 860(a). The statute defines the term "playground" as "any outdoor facility . . . intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards." § 860(e)(1).

Precedent is mixed with regard to the § 860(e)(1) definition of "playground." In United States v. Parker, 30 F.3d 542 (4th Cir. 1994), the Fourth Circuit Court of Appeals held that a park's blacktop basketball court was not a playground because it did not have an apparatus separate from its basketball hoop. Id. at 552. However, in United States v. Johnson, No. 97-10435, 1997 WL 811737 (5th Cir. Dec. 13, 1997), a panel of the Fifth Circuit Court of Appeals concluded that baseball backstops constituted distinct apparatus. Id. at *1. The Ninth Circuit Court of Appeals delineated "separate apparatus" by their different uses, defining the term as "a collection or set of materials . . . designed for a particular use." United States v. Migi, 329 F.3d 1085, 1088 (2003) (citing Webster's Third New Int'l Dictionary 102 (unabridged 1986)). Reviewing this mixed precedent, the Tenth Circuit Court of Appeals returned to Congressional intent, finding that "[u]ndoubtedly, Congress' intent in enacting § 860(a) was 'to create drug-free zones by increasing punishment for drug transactions that occur near places where children gather.'" United States v. West, 671 F.3d 1195, 1200 (10th Cir. 2012) (citing United States v. Johnson, 134 F.3d 369 (5th Cir.

8

1997)).

Trial counsel testified at the evidentiary hearing that she visited the playground herself to examine its characteristics: "I drove to the location itself, drove by the playground, drove by the residence." (DE 130 at 17). During the course of her investigation, she consulted the definition of "playground" under § 860(e)(1). (Id. at 18) ("I also pulled the statute and looked at Section 860."). After her review, trial counsel decided that this playground satisfied the definition. (Id.). In support of her decision, she testified that the playground contained a swing-set, a climbing wall, a play house, a slide, and swings, and she understood these objects as permitting different recreational uses. (Id.). Trial counsel did not fail to consider this issue in her legal and factual investigation. (See id. at 20) ("[I]t was pretty obvious to me that it was a playground. . . . [I]t wasn't something that I believe raised a question in my mind of something that could be objected to or could be something that we could argue successfully.").

Trial counsel visited the site, investigated the issue, and researched the legal definition of "playground." In light of the unsettled definition of "playground" under § 860(e)(1), her decision not to pursue further analysis of the definition does not fall below Strickland's first prong of "an objective standard of reasonableness." 466 U.S. at 688. Therefore, based upon trial counsel's consideration of the definition, her decision not to discuss with petitioner each part of the definition also was not an unreasonable decision. See id.

        b.      Petitioner's Emphasis on a Guidelines Reduction

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Id. at 691. Furthermore, counsel's decisions must be evaluated from her "perspective at the time." Id. at 690. This is particularly important for reviewing

9

claims of ineffective assistance of counsel in plea bargains:

> [S]trict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage. . . . First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. . . . [Second,] [t]he prospect that a plea deal will afterwards be unraveled when a court-second guesses counsel's decisions while failing to accord the latitude Strickland mandates . . . could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

Premo v. Moore, 562 U.S. 115, 125 (2011). For example, "[t]he absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered." Id. at 126.

Petitioner testified at his evidentiary hearing that he had sought to receive a motion for downward departure in his sentencing guidelines range by cooperating with the government as part of a plea agreement. (DE 130 at 10). Trial counsel testified that, prior to petitioner entering his guilty plea, she and petitioner "decided and agreed that it was in his best interest to plead to Count 1, and that objecting to anything may upset the plea offer at that point." (Id., 21). The government did not offer any alternative plea agreements. All six charges against petitioner included allegations arising under § 860, and trial counsel testified that she believed objecting to the plea agreement on the basis of § 860(e)(1) would jeopardize the government's offer at that point in the case. (Id.).

Here, trial counsel reasonably made a strategic decision not to contest the definition of "playground" in order better to pursue petitioner's goal of receiving a two-point reduction through his plea agreement. As a result of the agreement, the government filed and the court granted a motion for 30-percent downward departure from petitioner's bottom sentencing guideline range,

10

from 360 months to 252 months. Therefore, trial counsel had proceeded according to petitioner's "own statements or actions." Strickland, 466 U.S. at 691. Trial counsel's decisions to not contest the definition of "playground," or to inform petitioner of its elements, did not fall below an objective standard of reasonable representation. See id.

                c.        Petitioner's Oath of Understanding at Arraignment

"A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Only under "extraordinary circumstances," such as where the petitioner alleges "an involuntary plea, . . . mistaken advice from constitutionally ineffective counsel, a plea agreement that does not contradict the defendant's understanding, and a Rule 11 colloquy that also fails to negate the erroneous advice provided by constitutionally ineffective counsel" will a claim of ineffective assistance of counsel be granted. United States v. White, 366 F.3d 291, 300 (4th Cir. 2004).

At petitioner's arraignment, petitioner agreed that trial counsel answered all of his questions concerning his case, that he was satisfied with his legal representation, and that he understood the "terms, language, words and phrases used in the plea agreement[.]" (DE 89 at 20). Petitioner confirmed these statements during his evidentiary hearing. (DE 130 at 9).

For the reasons described above, trial counsel was not constitutionally ineffective in her factual and legal investigation of the term "playground," and her decision not to pursue the issue with petitioner was reasonable. Therefore, petitioner did not rely on "mistaken advice from constitutionally ineffective counsel," and also did not submit an "involuntary plea." White, 366 F.3d at 300. Petitioner fails to demonstrate two elements of the "extraordinary circumstances" necessary

11

to overcome the presumption of validity accompanying his testimony, and thus his objection on this point fails.

In sum, given the unsettled precedent addressing § 860(e)(1), petitioner's stated goal to pursue a downward departure through a plea agreement, and petitioner's statements at his arraignment regarding his understanding, the court holds that petitioner failed to show "his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms." Bell, 72 F.3d at 427.

In addition, for the same reasons, petitioner has failed to demonstrate that he would have proceeded to trial had he been advised differently. See Hill, 474 U.S. at 59. Petitioner has not shown that trial counsel's treatment of the "playground" definition "caused him to plead guilty rather than go to trial." Id. Instead, at the evidentiary hearing, petitioner confirmed that the only relief he sought was resentencing under a different statute so that he might obtain a two-point reduction of his Guidelines range. (DE 130 at 8). Accordingly, petitioner has not established "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012).

3. Ineffective Assistance of Trial Counsel at Sentencing

Petitioner objects to the M&R's analyses regarding the following bases for petitioner's claim of ineffective assistance of counsel where trial counsel did not object to: 1) a two-level enhancement under an earlier edition of the Sentencing Guidelines Manual § 2D1.1(b)(12) in violation of the Ex Post Facto Clause of the U.S. Constitution; 2) non-application of the FSA; 3) a three-level leadership role enhancement under Guidelines § 3B1.1(b), particularly with regard to the number of participants involved in the conspiracy; and 4) reliability of evidence provided by petitioner's co-

12

to overcome the presumption of validity accompanying his testimony, and thus his objection on this point fails.

In sum, given the unsettled precedent addressing § 860(e)(1), petitioner's stated goal to pursue a downward departure through a plea agreement, and petitioner's statements at his arraignment regarding his understanding, the court holds that petitioner failed to show "his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms." Bell, 72 F.3d at 427.

In addition, for the same reasons, petitioner has failed to demonstrate that he would have proceeded to trial had he been advised differently. See Hill, 474 U.S. at 59. Petitioner has not shown that trial counsel's treatment of the "playground" definition "caused him to plead guilty rather than go to trial." Id. Instead, at the evidentiary hearing, petitioner confirmed that the only relief he sought was resentencing under a different statute so that he might obtain a two-point reduction of his Guidelines range. (DE 130 at 8). Accordingly, petitioner has not established "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012).

3. Ineffective Assistance of Trial Counsel at Sentencing

Petitioner objects to the M&R's analyses regarding the following bases for petitioner's claim of ineffective assistance of counsel where trial counsel did not object to: 1) a two-level enhancement under an earlier edition of the Sentencing Guidelines Manual § 2D1.1(b)(12) in violation of the Ex Post Facto Clause of the U.S. Constitution; 2) non-application of the FSA; 3) a three-level leadership role enhancement under Guidelines § 3B1.1(b), particularly with regard to the number of participants involved in the conspiracy; and 4) reliability of evidence provided by petitioner's co-

defendant.[1]  The court will address each in turn.

        a.        Choice of Sentencing Guideline Manuals

Under the 2010 Sentencing Guidelines Manual ("2010 Manual"), one gram of cocaine base was equivalent to 3,571 grams of marijuana and one gram of cocaine was equivalent to 200 grams of marijuana. Guidelines § 2D1.1, appl'n n.10(D) (2010). Using this formula, the PSR calculated petitioner's total marijuana equivalency to be 22,125.9 kilograms. (DE 70 ¶ 15). In addition to other relevant increases, the 2010 Manual provided for a two-level increase for maintaining a premises for manufacturing or distributing controlled substances pursuant to Guidelines § 2D1.1(b)(12), which resulted in a base offense level of 41 for petitioner. The Guidelines range corresponding to a total offense level of 41 under the 2010 Manual was 360 months to life. Guidelines, ch. 5, pt. A, Sentencing Table (2010).

The 2009 Sentencing Guidelines Manual ("2009 Manual") would have applied the same marijuana equivalency for cocaine, but for cocaine base it would have equated one gram of cocaine base to 20,000 grams of marijuana. Guidelines § 2D1.1, appl'n n.10(E) (2009). This formula would have yielded a total marijuana equivalency of 120,867.524 kilograms. Although the 2009 Manual would not have included a two-level increase equivalent to § 2D1.1(b)(12) of the 2010 Manual, several other applicable sections of the 2009 Manual would have operated to bring petitioner's base offense level to 41. See Guidelines §§ 2D1.1(b)(1), 2D1.2(a)(2) (2009). Based on this value, the same Guidelines range of 360 months to life also would have applied under the 2009 Manual as was

---

[1] Although petitioner objected in general to the M&R's analysis of ineffective assistance of trial counsel at sentencing, petitioner did not object specifically to treatment of his separate claim that trial counsel provided ineffective assistance where she did not object on the basis of prosecutorial misconduct. Upon review for "clear error," the court adopts and incorporates herein the M&R with respect to its finding that petitioner failed to satisfy both prongs under Strickland. See Diamond, 416 F.3d at 315; 28 U.S.C. § 636(b)(1).

13

applied under the 2010 Manual. Guidelines, ch. 5, pt. A, Sentencing Table (2009).

Therefore, application of the 2010 Manual did not violate the Ex Post Facto Clause because petitioner's Guidelines range would have been the same under the 2009 Manual. Accordingly, trial counsel did not perform beyond the reasonable standard of professional norms in failing to object to application of the 2010 Manual because it did not prejudice petitioner during the sentencing hearing. See Strickland, 466 U.S. at 668.

        b.       The Fair Sentencing Act

"When a defendant seeks to challenge a sentencing statute, the inquiry focuses on whether the defendant's sentence might change if he prevailed on his statutory claim." United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011). Under Dorsey v. United States, 132 S. Ct. 2321 (2012), "the Fair Sentencing Act's more lenient penalties [ ] apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." Id. at 2331.

In Foster v. United States, No. 1:09-CR-13-MR-DLH-7, 2014 WL 793139 (W.D.N.C. Feb. 26, 2014), defendant Doris Foster was subject to a mandatory minimum prison term of 120 months, her advisory guidelines range was 324 to 405 months, and the court sentenced her to 292 months imprisonment. Id. The court rejected defendant Foster's claim that she was entitled to be resentenced under the FSA, reasoning that her Guidelines range exceeded the higher mandatory minimum and there was "no evidence that [the] Court felt constrained from sentencing Petitioner to a lower sentence" based on the higher, pre-FSA mandatory minimum of 120 months. Id. at *7 (citing United States v. Sturdivant, 492 Fed. App'x 433, 434 (4th Cir. 2012)).

Petitioner engaged in a conspiracy to distribute cocaine and cocaine base for a period of years up to July 22, 2010, and he was sentenced for that crime on July 11, 2011. The court based

14

his sentence on the applicability of a 120-month mandatory minimum (21 U.S.C. § 841(b)(1)(A)(iii); DE 70 ¶ 54), not the FSA's lower 60-month mandatory minimum (21 U.S.C. § 841(b)(1)(B)(ii), (iii)). Petitioner's Guidelines range was 360 months to life (DE 70 ¶ 51), and he received a sentence of 252 months in consideration of the government's motion for a downward departure.

Petitioner rightly notes that, according to Dorsey, the FSA should have applied where, as here, petitioner's crime preceded August 3, 2010, but he was sentenced after that date. 132 S. Ct. at 2331. Petitioner's statutory minimum should have been reduced under 21 U.S.C. § 841(b) from 120 months to 60 months. However, any error associated with his 252-month sentence is harmless where it is well above even the higher 120-month statutory minimum. In Foster, the difference between the mandatory minimum prison term and the bottom of the advisory guideline range was 204 months. 2014 WL 793139, at *7. Here, the difference was 240 months. As in Foster, this court finds no evidence to suggest that the court would have rendered a different sentence if the alternative Guidelines range had been before it.

Therefore, failure to apply the FSA did not prejudice petitioner's sentencing under the Guideline range. Accordingly, trial counsel's failure to object at sentencing on this basis does not meet the second prong under Strickland, and petitioner's objection on this point fails. See 466 U.S. at 668.[2]

        c.        Three-Level Leadership Role Enhancement

"If the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive, increase [the offense level] by 3 levels." Guidelines § 3B1.1(b) (2010). "A 'participant' is a person who is criminally responsible for the commission

---

[2] Petitioner's standalone claim asserted on this same basis fails for lack of merit for the reasons described in this section. See Bullard, 645 F.3d at 246.

15

of the offense, but need not have been convicted.'" Id., appl'n n.1. "In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." Id., appl'n n.3. Furthermore, "many reviewing courts have examined the 'totality of the circumstances, including not only the number of participants but also the width, breadth, scope, complexity, and duration of the scheme.'" United States v. Beverly, 284 Fed. App'x 36, 41–42 (4th Cir. 2008) (quoting United States v. Dietz, 950 F.2d 50, 53 (1st Cir. 1991)). For example, "evidence of a continuing buy-sell relationship when coupled with evidence of large quantities of drugs, or continuing relationships and repeated transactions, create a reasonable inference of a [criminal activity involving multiple participants]." United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011).

Petitioner objects that the government only has proven four participants in the charged § 860 conspiracy, and contends therefore that the court should have imposed only a two-level increase under Guidelines § 3B1.1(c) for activities involving fewer than five participants. The PSR names four participants in petitioner's conspiracy, and it identifies three additional unindicted sources who completed transactions with petitioner involving drugs worth $1,000.00 to $1,500.00. (DE 70 ¶¶ 12, 14). Evidence shows that petitioner had been selling cocaine base and cocaine for 10 to 15 years, for a documented total of at least 3,034.15 grams of cocaine during that time. (Id. ¶¶ 12, 13).

The extended duration and the scope of drug quantities satisfies the showing for an "otherwise extensive" criminal activity sufficient to support application of § 3B1.1(b). See Beverly, 284 Fed. App'x at 41–42. Finding extensive criminal acitivty makes unavailing petitioner's objections concerning the precise number of participants. However, even on that basis, the "repeated transactions" and "large quantities of drugs" exchanged between petitioner and the three

16

unindicted individuals establishes those individuals as "participants" in the criminal activity, which would bring the total number of participants to seven. See Hackley, 662 F.3d at 679. Therefore, petitioner's objection to Guidelines § 3B1.1(b) fails and application of a three-level increase for petitioner's leadership role is warranted. Accordingly, trial counsel's decision not to object on this basis does not satisfy Strickland where her actions did not prejudice petitioner. See Strickland, 466 U.S. at 668.

        d.        Reliability of Co-Defendant

"Due process requires that sentencing courts rely only on evidence with some minimal level of reliability . . . and the Guidelines themselves demand that the evidence used have sufficient indicia of reliability to supports its probable accuracy." United States v. Powell, 650 F.3d 388, 393–94 (4th Cir. 2011) (quotations omitted). In applying this standard, the Fourth Circuit has "repeatedly allowed a sentencing court to consider 'any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy.'" Id. at 392 (quoting United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010)).

Petitioner objects that trial counsel should have objected to the reliability of Bonds, his co-defendant, on the bases that there is a presumption of unreliability against co-defendants, that Bonds's mental retardation and drug use impaired his memory, and that some of Bonds's statements were uncorroborated. However petitioner's own statements corroborated Bonds's statements in some instances, another third party substantiated some of Bonds's statements, and government agents corroborated some of Bonds's information by using it to further other investigations.

These facts represent relevant evidence with "sufficient indicia of reliability." Id. at 392. Therefore, trial counsel's decision not to object to the reliability of evidence presented by Bonds did

17

not prejudice petitioner. See Strickland, 466 U.S. at 668.

      3.      Ineffective Assistance of Counsel on Appeal

Petitioner renews his argument regarding application of the FSA in the context of his objection that trial counsel was ineffective in failing to raise the issue on direct appeal. Petitioner's reliance on United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir. 1995) (permitting appeal despite valid appeal waiver where sentence was in excess of maximum statutory penalty), is inapposite where there was no maximum statutory penalty and petitioner's sentence fell within the Guidelines range. As discussed above, application of the FSA's 60-month statutory minimum would not have changed petitioner's 252-month sentence where that sentence far exceeded even the higher 120-month statutory minimum actually applied. Accordingly, petitioner's claim of ineffective assistance of counsel for failure to raise this issue on appeal is without merit because it does not prejudice petitioner. See Strickland, 466 U.S. at 668.

C.      Certificate of Appealability

A § 2255 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or show the issues presented are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented in the

18

Case 2:10-cr-00021-FL   Document 142   Filed 12/17/15   Page 18 of 19

habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court REJECTS the recommendation of the magistrate judge with respect to Ground 1 of petitioner's motion for ineffective assistance of counsel regarding the definition of "playground," and ADOPTS the recommendation with respect to its remaining parts as set forth herein. The government's motion to dismiss (DE 119) is GRANTED, and petitioner's motion to vacate, set aside, or correct (DE 109) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge